IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE A. CHRUSTOWSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 24-35-CFC |
| | ) |
| LIFEHOUSE CHURCH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Renee A. Chrustowski, Middletown, Delaware – *Pro Se* Plaintiff

February 18, 2025
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

I.   **INTRODUCTION**

On January 11, 2024, Plaintiff Renee A. Chrustowski filed this civil action *pro se*. (D.I. 1.) Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 6.) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

II.  **BACKGROUND**

The Complaint alleges civil rights claims, pursuant to 42 U.S.C. § 1983, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Defendants LifeHouse Church, Middletown Police Department, Clayton Fire House, and Clayton Police Department. (D.I. 1 at 2-3.) The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

On unknown dates, Plaintiff "was at college at Penn State Harrisburg," in Pennsylvania, where she "lived in a 'Lifehouse.'" (D.I. 1 at 4.) While there, Plaintiff was "harassed and assaulted by law enforcement who abused authority to build some 'LifeHouse' Church in 'MOT' [*sic*] Townsend to allow pastors like Mark Lashey, Rob Leight, Joel Miller, and Manny Figueroa, etc[.,] to take donations from people because they can't work. They abused government powers and took advantage of

1

[Plaintiff] by placing judg[ment] on [her] to allow minorities better rights and treatment over [Plaintiff] and American citizens." (D.I. 1 at 4-5.)

Based on the foregoing, Plaintiff alleges that her "statutory rights were violated by federal officers who acted in the color of law and abused federal authority to take advantage of [her.]" (*Id.* at 3.) Plaintiff alleges that Defendants "deprived [Plaintiff] of civil rights, freedom of speech, free[dom] from discrimination, [and] right to privacy." (*Id.* at 4.) Plaintiff also alleges that Defendants "harassed [Plaintiff,] violated [her] privacy rights[,] and used [her] personal information against [her] to hurt [her]." (*Id.*)

Plaintiff sustained injuries from the foregoing, including "neurological trauma, epilepsy, seizures, stitches, damage to [her] eye, graves disease, hyperthyroidism[, and] harassment." (*Id.* at 6.) As relief, Plaintiff now seeks "monetary compensation of $100,000,000.00 for the harassment, pain, suffering, and intentional violations [Defendants] caused [Plaintiff]." (*Id.*)

III. **SCREENING OF COMPLAINT**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452

(3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A

complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Employing the less stringent standard afforded to *pro se* litigants, *see Erickson*, 551 U.S. at 94, the Court finds the Complaint to be deficiently pled, *see* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). The above summary of the Complaint includes all allegations stated therein. (*See* D.I. 1.) It is unclear from the scant facts alleged what specifically occurred, where it occurred, when, how Plaintiff was harmed by

what occurred, or how each Defendant was involved specifically. To satisfy Rule 8(a)(2), a complaint must state "enough facts to render it plausible that each defendant individually has performed at least one type of" wrongful act rendering that defendant liable for the violations alleged against it. *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 488 (D. Del. 2021). As such, the Complaint fails to meet the notice of pleading standard.

For similar reasons, the Complaint fails to state a claim upon which relief can be granted. The Court cannot credit the Complaint's bald assertions and legal conclusions regarding Plaintiff's rights violations in the absence of supporting factual allegations. *See Iqbal*, 556 U.S. at 679. Further, a defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved," *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). The Complaints does not explain how, if at all, each Defendant participated in, or authorized, Plaintiff's alleged rights violations. Accordingly, the Complaint must be dismissed for failure to state a claim against Defendants.

## V.   **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (D.I. 1.) Plaintiff will be given leave to amend.

An appropriate Order will be entered.